**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STACEY R. FOWLER,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 2:23-cv-03172** |
| | : | **Judge Algenon L. Marbley** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **AT&T INC., *et al.*,** | : | |
| **Defendants.** | : | |

**OPINION AND ORDER**

This matter is before the Court on Stacy Fowler's Motion for Leave to File Documents Under Seal. (ECF No. 37.) For the reasons that follow, Plaintiffs' Motion is **DENIED WITHOUT PREJUDICE to re-filing**.

**I.**

There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal only for "the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)).

To overcome that strong presumption of openness, a party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in

sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). The parties seeking to seal documents must further demonstrate "document-by-document, line-by-line" why they meet their burden to seal. *Shane Grp.*, 825 F.3d at 308. The party seeking the seal must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co.*, 834 F.3d at 594 (citations and quotations omitted).

Generally "in civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (cleaned up). "[T]he privacy interests of innocent third parties" can also be a serious consideration for sealing. *Id.*

Ultimately, the moving party must demonstrate that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). Moreover, simply filing redacted public versions of the documents does not absolve the moving party from conducting this document-specific and narrowly tailored analysis. Instead, the Sixth Circuit's "heavy burden" for sealing "applies equally to both sealing and redacting documents from the public record." *NFocus Consulting Inc. v. Uhl*, No. 2:20-CV-5106, 2020 WL 12687859, at *1 (S.D. Ohio Dec. 29, 2020) (citing *Shane Grp.*, 825 F.3d at 305–06).

**II.**

Plaintiff seeks to file under seal certain Exhibits used in support of her Motion to Vacate the Arbitration Award (ECF No. 38), on the grounds that such exhibits were marked confidential in the arbitration proceeding pursuant to the parties' stipulated protective order. This Court has previously found such cursory justifications to be insufficient. *See Atlas Indus. Contractors, L.L.C. v. In2Gro Techs., LLC*, No. 2:19-cv-2705, 2020 WL 8675816, at *1 (S.D. Ohio July 29, 2020) ("The parties' agreement to maintain confidentiality, standing alone, does not constitute a compelling reason for filing under seal."); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (holding that a "confidentiality agreement between the parties does not bind the court in any way"); *see also Blank v. Nationwide Mut. Ins. Co.*, No. 2:19-CV-18, 2020 WL 8816187, at *1 (S.D. Ohio June 24, 2020) ("[E]ven where documents are designated 'Confidential,' the moving party must provide compelling reasons justifying the sealing of those documents."); *First Star Logistics, LLC v. Bernard*, No. 1:16-CV-1070, 2018 WL 11366934, at *2 (S.D. Ohio Apr. 20, 2018) (rejecting the argument that the parties' designation of the documents as confidential is a sufficient reason to seal them). This includes in the arbitration context. *See Hunt v. AT&T Inc.*, No. 2:23-CV-04035, 2026 WL 904621, at *2 (S.D. Ohio Apr. 2, 2026) ("[C]onfidentiality agreements entered in connection with arbitration proceedings do not automatically justify sealing documents in litigation." (quoting *Schnatter v. 247 Grp., LLC,* No. 3:20-CV-00003-BJB-CHL, 2024 WL 3165317, at *2 (W.D. Ky. June 25, 2024) (collecting cases)).

Likewise, Plaintiff has failed to provide compelling reasons why wholesale sealing, rather than narrowly tailored redactions, is necessary. *See Prof'l Investigating and Consulting Agency, Inc. v. SOS Sec. LLC*, No. 2:19-cv-3304, 2022 WL 16706688, at *2 (S.D. Ohio Nov. 4, 2022) (finding that sealing an entire exhibit unnecessary when confidential business information

could be redacted); *Cf. Total Quality Logistics, LLC v. Riffe,* No. 1:19-cv-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (finding a sealing request to be narrowly tailored when the parties did "not seek to seal the contents of the documents at issue completely. . . . Thus, the seal [was] no broader than necessary to address the compelling reason for non-disclosure.").

**III.**

In sum, Plaintiff has failed to meet her high burden of demonstrating a compelling interest in sealing the documents at issue that outweighs the public's interest, and she has failed to explain how such a request is narrowly tailored. Accordingly, Plaintiff's Motion to File Under Seal is **DENIED WITHOUT PREJUDICE to refiling**. (ECF No. 37.) Within **FOURTEEN DAYS**, however, Plaintiff must either: (1) file a renewed and well-supported motion to seal that comports with the *Shane Group* standard, or (2) file unredacted versions of the documents on the public docket.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**